Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8581 | **DATE** | 10/21/2003 |
| **CASE TITLE** | Donald McDonald vs. Donald Snyder, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/13/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss plaintiff's second amended complaint [15-1] is denied. Status hearing is set for November 13, 2003 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| ✓ | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: RJ/ea

Date/time received in central Clerk's Office — mailing deputy initials

OCT 23 2003 — date docketed

Document Number: 19

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MCDONALD, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02 C 8581 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| DONALD SNYDER, et al., | ) | |
| Defendants. | ) | |

OCT 2 3 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Lee McDonald, #N23082, an inmate at Stateville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. McDonald's original complaint alleged that defendants, employees of Stateville Correctional Center, violated his constitutional rights by taking away or stepping on certain of his religious items and by wrongfully disciplining him. On January 16, 2003, the court dismissed McDonald's action for failure to state a claim but granted him leave to file an amended complaint based on the allegation that defendants violated his rights by refusing to allow him to wear a prayer cap during Ramadan. McDonald filed an amended complaint on January 24, 2003, but failed to include the prayer cap issue among his several allegations; instead, he asserted retaliation claims against three of the original defendants arising from incidents occurring on July 7, 2001, and September 29, 2002, and repeated many other allegations from the original complaint.

Now before the court is defendants' motion to dismiss McDonald's second amended complaint for failure to state a claim and McDonald's response to defendant's motion; since defendants failed to file a reply by the court's deadline, the court deems it waived. Defendants move to dismiss McDonald's second amended complaint on two grounds: (1) for failure to

19

exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and (2) for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, defendant Garcia moves separately to dismiss the claims against him on the ground that they are barred by the applicable statute of limitations.

It appears to the court from reading defendants' motion to dismiss that defendants filed their motion based on McDonald's original complaint rather than his second amended complaint, and did not heed the court's prior rulings on certain matters. To the extent that defendants' motion raises issues already decided by the court in this case, the court denies it as moot and reaffirms its earlier orders. Similarly, to the extent that McDonald's second amended complaint restates claims which the court had previously dismissed, it too is dismissed. The court now turns to McDonald's two remaining claims alleging that defendants retaliated against McDonald because he exercised his First Amendment rights in "obtaining access to the grievance and court process."

## I. STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint will only be dismissed if it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 547 (7th Cir. 2003). When confronted with a *pro se* complaint, the court employs a more liberal standard of review than would be used when an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege some facts which would provide an

adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Additionally, a party may assert additional facts in his or her response to a motion to dismiss, provided those facts are consistent with the allegations in the complaint. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1984).

## II. BACKGROUND

On January 14, 2003, the court dismissed McDonald's original complaint for failure to state a claim but granted McDonald leave to file an amended complaint elaborating on his charge that defendants had not permitted him to wear his prayer cap during Ramadan. McDonald, however, failed to assert the prayer cap allegation in his second amended complaint, and instead introduced new retaliation claims against defendants Garcia, Wilson, and Fredericks and repeated many of the previously dismissed allegations from his original complaint. In its order of February 27, 2003, the court dismissed many of McDonald's allegations in the second amended complaint as time-barred or otherwise disposed of by the earlier order, but permitted two of the claims to proceed as timely. In both of the remaining claims, McDonald contends that defendants retaliated against his exercise of his First Amendment right to access the courts and the prison's institutional grievance process. First, McDonald claims that on July 7, 2001, defendant Garcia found contraband in a hall near McDonald's cell and, despite having no evidence that the contraband belonged to McDonald, placed him in segregation for 30 days. McDonald alleges that Garcia's action was taken in retaliation for McDonald's having filed grievances concerning

3

earlier incidents. In his second claim McDonald alleges that on September 29, 2002, defendant Wilson searched McDonald's cell and took his watch in retaliation for his obtaining access to the courts and prison's grievance process. McDonald also implicates defendant Fredericks in this action because Fredericks allegedly ordered Wilson to take McDonald's watch but did not issue a similar order requiring the removal of watches from any other inmates. Finally, McDonald maintains that he has exhausted all administrative remedies available to him through Stateville's internal procedures and he therefore is entitled to make his case in federal court.

### III. DISCUSSION

#### A. *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust available administrative remedies prior to their filing suit in federal court under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) (2000); *Booth v. Churner*, 532 U.S. 734, 735 (2001). This means that a prisoner must file any grievances, complaints, and appeals he has concerning his prison conditions in the time, place, and manner required by the prison's administrative rules, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), and must avail himself of "such administrative remedies as are available" to him, even if the available grievance procedure cannot afford him the remedy sought, *Booth*, 532 U.S. at 735. The PLRA's exhaustion requirement has been held to be an affirmative defense and not a jurisdictional requirement, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535-36 (7th Cir. 1999). Nevertheless, dismissal under Rule 12(b)(6) may be proper if an inmate fails to plead that he exhausted all available remedies, *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). *See also Martin v. Snyder*, 00 C 983, 2002 U.S. Dist. LEXIS 5402, at *8 (N.D. Ill. Mar. 28, 2002) (stating that although

exhaustion is an affirmative defense, PLRA requires the court to resolve the issue before turning to other allegations in complaint).

Here, McDonald asserts in his amended complaint that his "grievances were denied, and or [the grievance officer] refused to acknowledge [his] complaint." He further claims that the "Review Board refused to here [sic] complaint until Grievance officer responded. All other complaints were denied." McDonald then avers that "the grievance procedure is now complete" because his "grievance was denied as untimely and not addressed after months of holding grievance complaint, or denied." Defendants argue that these assertions are insufficient proof of exhaustion because they "merely allege[] that he has unsuccessfully attempted to exhaust" his available remedies. In his response to defendants' motion to dismiss, McDonald attaches an affidavit swearing that he has "followed the inmate grievance procedure beganing [sic] at the institutional level," thus "exhausting all available remedies." The court may read McDonald's response affidavit as part of his complaint only if it contains facts not contradicted by the complaint, *see Travel All Over the World*, 73 F.3d at 1428, a condition which is easily satisfied here.

Reading McDonald's complaint and affidavit in the light most favorable to him and considering his factual allegations as true, the court finds that McDonald has sufficiently pleaded exhaustion of his administrative remedies to avoid having his claims barred by § 1997e(a) of the PLRA. McDonald stated in his original complaint that he had exhausted the prison's grievance process, reiterated this claim in his amended complaint, and then swore to it in an affidavit responding to defendants' motion to dismiss. Notwithstanding defendants' challenge to the factual specificity of McDonald's pleadings on this issue, he is not required to do more. *See*

*McCormick v. City of Chicago*, 230 F.3d 319, 326 (7th Cir. 2000) (finding pleading standard satisfied where plaintiff alleged conclusions sufficient to put defendant on notice of his claim). If defendants possess evidence showing that McDonald failed to exhaust his administrative remedies for any of his claims, they may of course submit such proof in a proper motion for summary judgment.

### B. Statute of Limitations

Defendant Garcia argues that McDonald's claims against him are time-barred by the two-year statute of limitations for § 1983 actions arising in Illinois. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). This issue has already been ruled upon by the court in its order dated February 27, 2003, in which all but one of plaintiff's claims against Garcia were dismissed as untimely. Plaintiff's remaining claim against Garcia, alleging retaliation arising from actions that occurred on July 7, 2001, was timely filed and is permitted to proceed.

### C. Sufficiency of Claims

Invoking the First Amendment, McDonald claims that defendants Garcia, Wilson, and Fredericks retaliated against him for exercising his constitutional right to file grievances and obtain access to the courts. In one claim, McDonald states that on July 7, 2001, defendant Garcia found contraband in a hall and, despite having no evidence that the contraband belonged to him, charged the violation to McDonald and placed him in segregation for 30 days. Though these charges were later dismissed, McDonald insists that "the actions of defendant [Garcia] were retaliatory." In another claim, McDonald maintains that on September 29, 2002, Wilson and Fredericks searched his cell and confiscated his watch in retaliation for McDonald's "obtaining access to the grievance and court process."

An act that would otherwise not be actionable under § 1983 may give rise to liability if it is taken "in retaliation for the exercise of a constitutionally protected right." *Abrams v. Walker*, 307 F.3d 650, 654 (7th Cir. 2002); *Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir. 1984). Relevant to this case, the First Amendment protects an inmate's right to file grievances and lawsuits, and prison officers may not retaliate against him for exercising that right. *See Abrams*, 307 F.3d at 654. A colorable claim for retaliation is one that "sets forth a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Here, McDonald claims that Garcia's levying of unfounded charges against him for possession of contraband and sending him to segregation in July of 2001 were the latest in a string of retaliatory actions taken against McDonald for exercising his First Amendment rights. In particular, McDonald alleges that he filed numerous grievances against Garcia beginning in February of 2000, and that after McDonald filed each grievance Garcia took retaliatory action against him.[1] McDonald's complaint describes a pattern wherein Garcia takes action against McDonald, McDonald files a grievance about the act, Garcia retaliates, and McDonald files a grievance about the retaliation. According to McDonald's complaint, the cycle ends with Garcia charging McDonald with possession of contraband in July of 2001, and McDonald filing a grievance and exhausting available administrative procedures before filing this lawsuit.

Given federal notice pleading standards and this circuit's rule that *pro se* pleadings must be construed liberally, the court concludes that McDonald's complaint suffices to state a claim

---

[1] Though the court has already ruled that all of McDonald's claims arising from incidents that occurred before November 25, 2000, are barred by the statute of limitations, those earlier incidents are relevant to the extent that they explain the chronology of retaliatory conduct leading up to the timely claim based on Garcia's conduct in July of 2001.

for retaliation. *See McCormick*, 230 F.3d at 325. McDonald alleges that Garcia charged him with possession of contraband and sent him to segregation in retaliation for McDonald engaging in the protected act of filing grievances. Not only does McDonald's complaint contain enough information to put Garcia on notice of his claim against him, it also broadly describes a set of facts which, if proven, might allow McDonald to obtain relief under federal law; as such, it satisfies the pleading requirements set forth in Fed. R. Civ. P. 8(a) and cannot be dismissed pursuant to Rule 12(b)(6).

Likewise, McDonald's allegations against defendants Wilson and Fredericks suffice to state a claim for retaliation. McDonald claims that defendant Wilson searched his cell and took his watch in retaliation for his obtaining access to the prison's grievance process and the courts. McDonald also alleges that when he challenged the taking of his watch, Wilson told McDonald "to sue him since that's what he does." McDonald further claims that defendant Fredericks gave Wilson the direct order to take his watch, but not similar watches owned by other inmates, in retaliation for McDonald's exercising his First Amendment rights. As discussed above, a complaint need only plead enough facts to put defendants on notice of the charges against them and show the court why plaintiff may be entitled to relief under federal law. *McCormick*, 230 F.3d at 325. The court believes that in this case McDonald's retaliation claims against Wilson and Fredericks meet that minimum standard.

## IV. <u>CONCLUSION</u>

Plaintiff's second amended complaint sufficiently pleads exhaustion of administrative remedies for the purpose of satisfying § 1997e(a) of the PLRA, contains a timely charge against defendant Garcia based on conduct that occurred in July of 2001, and states colorable claims for

retaliation against defendants Garcia, Wilson, and Fredericks. It is therefore ordered that defendants' motion to dismiss is denied, consistent with this court's earlier orders.

ENTER:

JOAN B. GOTTSCHALL
UNITED STATES DISTRICT COURT

DATED: October 21, 2003